UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

WILLIE J. WHITEHEAD,

      Plaintiff,

      v.                                    06-CV-3221

JAIL ADMINISTRATOR,
SANGAMON COUNTY JAIL,
NEIL WILLIAMSON,

      Defendants.

## Order Granting Summary Judgment

On merit review, the court found that the plaintiff stated a claim that the following conditions of confinement he experienced at the Sangamon County Jail from May 2006 to September 2006, viewed in their totality, violated his Constitutional rights: sleeping on the floor, overcrowding, lack of exercise opportunities, and filthy shower conditions.

Before the Court is the defendants' motion for summary judgment, to which the plaintiff has not responded.  Central District of Illinois Local Rule 7.1(D)(2) provides that ". . .[F]ailure to respond shall be deemed an admission of the motion [for summary judgment]."  Additionally, the plaintiff was warned that the defendants' statement of facts would be accepted as true if the plaintiff failed to submit evidence to contradict those statements.  Rule 56 Notice, d/e 35;  See also *Smith v. Lamz*, 321 F.3d 680, 682-83 (7th Cir. 2003), *quoting Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000)( . . . "[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission. . . ." (citation omitted)).  A district court is not required to 'wade through improper denials and legal argument in search of a genuinely disputed fact.'" "[A] party's failure to comply with summary judgment evidentiary requirements is traditionally remedied not by dismissing the case, but by excluding the non-conforming submission and deeming the opposing party's proposed findings of fact admitted and then determining whether those facts entitle the moving party to judgment as a matter of law."  *Ziliak v. Astrazeneca*, 324 F.3d 518, 520 (7th Cir. 2003).

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).  The party moving for summary judgment must show the lack of a genuine issue

1

of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson*, 477 U.S. at 248.  A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial."  *See* Fed. R. Civ. P. 56(e).   In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts."  *Matsushita Elec. Ind. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986).  "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e).

The court has reviewed the uncontroverted motion for summary judgment, the memorandum in support, the plaintiff's deposition, and the affidavits of Neil Williamson and Terry Durr.  Based on that review, the court concludes that the deprivations as a whole do not, on this developed record, allow an inference that they were sufficiently, objectively serious enough to implicate the Constitution.  *Tesch v. County of Green Lake*, 157 F.3d 465, 473 (7th Cir. 1998)(The deprivation must be sufficiently serious to arise to "punishment,").  Accordingly, the plaintiff's constitutional claim cannot succeed and summary judgment must be granted to the defendants.  The Court need not reach the defendants' other arguments.

IT IS THEREFORE ORDERED THAT the defendants' motion for summary judgment is granted (d/e 14).  The clerk of the court is directed to enter judgment in favor of the defendant and against the plaintiff.  All pending motions are denied as moot, and this case is terminated, with the parties to bear their own costs.

Entered this 28th Day of May, 2008.

s\\**Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE